972 F.2d 351
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Albert G. HOLMAN, Plaintiff-Appellant,
v.
Frank LOTTER, et al., each and all defendants are sued in
their official and individual capacity,
Defendants-Appellees.
 No. 90-2701.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 16, 1992.*
Decided Aug. 20, 1992.
 
 Before CUMMINGS, POSNER and MANION, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff-appellant Albert Holman is currently an inmate at the Waupun Correctional Institution. The present appeal concerns an incident of severe physical abuse which allegedly occurred while he was in custody at the Milwaukee County House of Corrections.
 
 
 2
 Holman filed a civil rights action under 42 U.S.C. §§ 1983, 1985, 1988, and 1997, seeking both monetary and injunctive relief. He petitioned to proceed in forma pauperis under 28 U.S.C. § 1915(a) and moved for appointment of counsel. Pursuant to 28 U.S.C. § 1915(d), the district court denied without prejudice Holman's petition to proceed in forma pauperis and dismissed his action. The court noted that there was a criminal state court action pending against Holman that related to his allegations. The court concluded that Holman
 
 
 3
 is able to present his claims in that state court case. As such, while plaintiff has stated an arguable claim for relief, it is unwarranted for this Court to accept jurisdiction over a pending state court case that involves the same allegations.
 
 
 4
 We note initially that a civil rights plaintiff cannot properly present his claims in the same forum where he is defending against state criminal charges, even if those charges stem from the same facts which gave rise to the civil rights claim. When faced with a parallel state proceeding, the proper inquiry for a federal court is whether abstention is appropriate under Younger v. Harris, 401 U.S. 37 (1971).
 
 
 5
 Fortunately for us, we need not explore the intricacies of the abstention doctrine in this case. We take judicial notice of the fact that, on motion of the State of Wisconsin, the Circuit Court of Milwaukee County ordered the criminal case against Holman (# F881639) dismissed on February 17, 1992. In light of this development and the district court's finding that Holman had otherwise stated an arguable claim for relief, we VACATE the dismissal of Holman's action and REMAND for further proceedings.
 
 
 6
 VACATED and REMANDED.
 
 
 
 *
 No defendant was served in this appeal, and no defendant has appeared in this appeal. After preliminary examination of the appellant's brief, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to the Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the appellant's brief and the record